IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| JONATHAN FREDRICK DILLARD, | ) ) ) | Case No. CV-05-294-S-BLW |
| Petitioner, | ) ) | **ORDER** |
| v. | ) ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) ) ) | |

Petitioner Jonathan F. Dillard filed his Petition for Writ of Habeas Corpus (Docket No. 1) on July 8, 2005, pursuant to 28 U.S.C. § 2241. He also filed a Motion for Leave to Proceed In Forma Pauperis (Docket No. 2) and a Motion for Appointment of Counsel (Docket No. 3). The Court has initially reviewed the Petition to determine whether it is subject to summary dismissal. After carefully considering the application and the record, the Court finds, for the reasons contained in this Order, that the Petition shall be dismissed.

## BACKGROUND

Defendant pled guilty, pursuant to a plea agreement, to one count of possession of child pornography in return for the Government's agreement to

**Order - 1**

dismiss seventeen other counts.  He was sentenced on February 28, 2003, to a term

of imprisonment of 60 months, the statutory maximum.  Defendant did not appeal

his sentence or conviction.  *See generally* Case No. CR-02-36-S-BLW.

Petitioner alleges that his sentence was illegally enhanced by six levels and

that his sentence should have been 33 months rather than 60 months.  On the same

day that he filed the within § 2241 Petition, Petitioner filed a Motion Under 28

U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence in Case No.  CV-05-295-

S-BLW.  In the § 2255 Motion, Petitioner alleged several grounds challenging his

sentence, including a 6-level illegal enhancement.

## APPLICABLE LAW AND DISCUSSION

In general, 28 U.S.C. § 2255 provides the exclusive mechanism by which a

federal prisoner may attack the underlying legality of his detention.  *Lorentsen v.

Hood,* 223 F.3d 950, 953 (9th Cir. 2000).  Conversely, a petition for writ of habeas

corpus filed under 28 U.S.C. § 2241 is limited to challenging the manner, location,

or condition under which a sentence is executed.  *Hernandez v. Campbell*, 294

F.3d 861, 864 (9th Cir. 1999) (also noting that a § 2241 petition must be filed in

the district of incarceration).  There is, however, a limited "savings clause"

contained within 28 U.S.C. § 2255: if the remedy under § 2255 is "inadequate or

ineffective" for testing the legality of a prisoner's detention, then a prisoner may

**Order - 2**

proceed under § 2241. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003).

The Ninth Circuit has not fully defined when the remedy under § 2255 is "inadequate or ineffective" so that a prisoner may proceed under § 2241, but the exception is very narrow. *See Ivy,* 328 F.3d at 1059 (noting that savings clause is generally applicable only when the prisoner can show he or she is factually innocent and has not had an "unobstructed procedural shot" at raising the claim). If a prisoner's remedy under § 2255 is adequate, then the prisoner cannot proceed under § 2241.

Petitioner has a pending § 2255 proceeding involving the same claim he is asserting here. The Court has appointed counsel to represent Petitioner in that proceeding. Therefore, he is unable to demonstrate that his remedy under § 2255 is inadequate or ineffective. Even if the Court subsequently rules against him in that proceeding, Petitioner's argument does not implicate § 2255's savings clause. He has not alleged any facts suggesting that he is factually innocent of the crimes of which he was convicted.

The Court concludes that Petitioner cannot proceed under § 2241. Although the Court generally construes a § 2241 petition challenging the legality of a sentence as a § 2255 motion, it will not do so here because of the pending § 2255 proceeding.

**Order - 3**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Petition for Writ

of Habeas Corpus Under 28 U.S.C. § 2241 (Docket No. 1) is DISMISSED.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Leave

to Proceed In Forma Pauperis (Docket No. 2) and Motion to Appoint Counsel

(Docket No. 3) are DENIED.

IT IS FURTHER HEREBY ORDERED that the Clerk of Court send a copy

of this Order to Petitioner's attorney of record and the Government's attorney of

record in Case No. CV-05-295-S-BLW.

DATED:  **March 10, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**Order - 4**